# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN KING,<br><br>    Plaintiff,<br>vs.<br><br>B.F. SAUL MORTGAGE CO., *et al.*,<br><br>    Defendants. | CASE NO. 3:10-CV-1749 MMA (AJB)<br><br>**ORDER GRANTING DEFENDANT B.F. SAUL MORTGAGE CO.'S MOTION TO DISMISS**<br><br>[Doc. No.3] |

Before the Court is Defendant Chevy Chase Mortgage Company's, formerly known as B.F. Saul Mortgage Company, ("Saul") motion to dismiss Plaintiff Steven King's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. [Doc. No. 3.] For the following reasons, the Court GRANTS Defendant's motion to dismiss.

## BACKGROUND

This action arises from foreclosure-related events with respect to Plaintiff's home and real property, located at 7100-7114 Mohawk Street, San Diego, California 92115. Plaintiff asserts, inter alia, that he was misled with respect to the origination phase of the loan that was based upon Plaintiff's property. [Doc. No.1.]

On July 15, 2010, Plaintiff filed the current suit in San Diego Superior Court, naming B.F. Saul Mortgage Company, Mortgage Electronic Registration Systems, and Specialized Loan Servicing as defendants. [Id.] Plaintiff asserts multiple causes of action, including violations of the Truth In Lending Act, Fair Debt Collection Practices Act, Real Estate Settlement Procedures Act, Breach of

1  Contract, Misrepresentation and Fraud. [Id.] On August 20, 2010, Defendant Saul removed the action
2  to this Court. [Id.]
3        On August 27, 2010, Defendant Saul moved to dismiss Plaintiff's complaint pursuant to Rule
4  12(b)(6) for failure to state a claim. [Doc. No.3.] Plaintiff did not file an opposition within the time
5  permitted by Civil Local Rule 7.1(e), nor did he request more time to do so.

## DISCUSSION

7        The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss
8  pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for
9  failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Local Civil Rule
10 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner required by Local
11 Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by
12 the court." As such, the Court has the option of granting Defendant Saul's motion on the basis of
13 Plaintiff's failure to respond, and it chooses to do so.
14       Generally, public policy favors disposition of cases on their merits. *See, e.g., Hernandez v.*
15 *City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, a case cannot move forward toward
16 resolution on the merits when the plaintiff fails to defend his case against a Rule 12(b)(6) motion.
17 Thus, this policy lends little support to a party whose responsibility it is to move a case toward
18 disposition on the merits but whose conduct impedes or completely prevents progress in that direction.
19 *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). In addition, management of this Court's docket
20 is of vital significance to the proper and timely resolution of matters before it. Consequently, the
21 Court finds dismissal of this action pursuant to Local Civil Rule 7.1(f)(3)(c) serves to facilitate the
22 management of its docket in light of Plaintiff's failure to respond and move the case toward
23 disposition on the merits.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Saul's motion to dismiss for failure to state a claim upon which relief may be granted. Plaintiff's claims are **DISMISSED** as to Defendant B.F. Saul Mortgage Company.

**IT IS SO ORDERED**.

DATED: September 21, 2010

*/s/ Michael M. Anello*

Hon. Michael M. Anello
United States District Judge