# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN KING,<br><br>                              Plaintiff,<br>  vs.<br><br>B.F. SAUL MORTGAGE CO., et al.,<br>                             Defendants. | CASE NO. 10-CV-1749 MMA (AJB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 20.] |

       Before the Court is Plaintiff Steven King's motion for extension of time, which this Court has construed as a motion for reconsideration of this Court's order granting Defendant B.F. Saul Mortgage Company's motion to dismiss. For the following reasons, the Court DENIES Plaintiff's motion.

## **BACKGROUND**

       On July 15, 2010, Plaintiff filed suit in San Diego Superior Court, naming B.F. Saul Mortgage Company ("Defendant Saul"), Mortgage Electronic Registration Systems, and Specialized Loan Servicing as defendants. [Doc. No. 1.] In his complaint, Plaintiff asserts multiple causes of action, including violations of the Truth In Lending Act, Fair Debt Collection Practices Act, Real Estate Settlement Procedures Act, Breach of Contract, Misrepresentation and Fraud. [Id.] On August 20, 2010, Defendant Saul removed the action to this Court. [Id.]

       On August 27, 2010, Defendant Saul moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a claim. [Doc. No. 3.] Plaintiff did not file an opposition within the time

1  permitted by Civil Local Rule 7.1(e), nor did he request more time to do so. On September 21, 2010, this Court granted Defendant Saul's unopposed motion to dismiss. [Doc No. 16.] On September 24, 2010, Plaintiff filed a "Motion for Extension of Time to File Opposition" in response to Defendant Saul's motion to dismiss. Because the deadline for filing his opposition to Defendant Saul's motion had past, and the Court's ruling had issued, the Court construed Plaintiff's request as a motion for reconsideration of its order granting Defendant Saul's motion to dismiss in order to afford Plaintiff a potential avenue for relief. [Doc. Nos. 19, 20.]

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).[2] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), however, only permits motions for re consideration within "30 days of the entry of the ruling."

[2] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P. 59(e). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b). Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. FED.R.CIV. P. 60(b).

## ANALYSIS

In his motion, Plaintiff asserts that Defendant Saul noticed its motion hearing too early. Plaintiff also asserts that he experienced a delay in receiving Defendant Saul's pleading papers. Finally, Plaintiff asserts that his *pro se* status should be taken into account when deciding the instant motion. [Doc. No. 19.] The Court will consider Plaintiff's claims under Rule 59 because a claim that does not meet Rule 59 likely will not meet the higher standard under Rule 60. The Court construes Plaintiff's arguments as requests for relief based on the 59(e) catch-all provision of "unusual circumstances." *School Dist. No. 1JI*, 5 F.3d at 1263.

As to Plaintiff's first contention, the Court finds that Defendant Saul scheduled its motion hearing in accordance with the local rules regarding the time for hearing and the schedule for filing papers. Local Rule 7.1.e.1 states in pertinent part, "Unless the court shortens time ... any notice of motion ... will require a minimum filing date of twenty-eight (28) days prior to the date for which the matter is noticed." (ACivLR 7.1.e.1.) Defendant filed its motion to dismiss on August 28, 2010, and the motion hearing was scheduled for September 27, 2010, in accordance with the minimum number of days as required by the Local Rules.

Plaintiff's argument that his motion should be granted because of a delay in receipt of mail is also unpersuasive. Plaintiff asserts that he received late notice of Defendant Saul's motion to dismiss due to mail delivery problems at his Mohawk Street address. Plaintiff argues that he asked the post office to forward mail to his parents' home at 948 Blackwood Drive, where receipt of mail would be more reliable, but that the post office erred in entering the forwarding instructions. Defendant points out that even if Plaintiff did have problems with forwarding his mail, Defendant mailed all of its pleading papers, including its motion to dismiss, to King's Mohawk Street address and his parents' Blackwood Drive address. (Def.'s Resp. in Opp. at 2., citing Def.'s Mot. to Dismiss Cert. of Svc. at 15.) Thus, Defendant sent the papers *directly* to the Blackwood Drive address, where Plaintiff expected his mail to be delivered. As Plaintiff did not provide the Court with an explanation regarding why he did not receive the papers at Blackwood Drive, his argument is unpersuasive.

Although the Court is sensitive to Plaintiff's *pro se* status, parties acting *pro se* must follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th

Cir.1987). "*[P]ro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986). Additionally, the Court notes that it would have been well within its grounds to dismiss the complaint against Defendant Saul on the merits as well.

Having reviewed the submissions of the parties, the Court finds that Plaintiff failed to establish grounds for reconsideration of the Court's September 21 Order granting Defendant Saul's motion to dismiss. Accordingly, the Court **DENIES** Plaintiffs' *ex parte* motion.

**IT IS SO ORDERED**.

DATED: October 5, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge